```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| DAVID FINCHUM,<br><br>                              Petitioner,<br><br>                -against-<br><br>LEROY FIELDS, Superintendent, Fishkill Correctional Facility, N.Y.S. DOCCS,<br><br>                              Respondent. | 19-CV-11523 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Petitioner David Finchum, previously incarcerated in Fishkill Correctional Facility, brought this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241. Petitioner paid the $5.00 filing fee to file this action.[1] The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

---

[1] By order dated December 17, 2109, Petitioner was directed to either pay the $5.00 filing fee, or to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. (ECF No. 3.) Petitioner paid the $5.00 filing fee on January 16, 2020.

2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner David Finchum brought this writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, seeking to be released from custody. Petitioner was adjudicated a level three sex offender, as a result of his being convicted in New York State Supreme Court, New York County, of criminal sexual act in the first degree and aggravated sexual abuse in the first degree. (ECF No. 1 at 3, 4.)

Although he had reached his maximum sentence expiration date on January 30, 2019, and he was entitled to be placed on post-release supervision, he asserts that he was being illegally held in Fishkill Correctional Facility. Petitioner opines that the New York State Department of Corrections and Community Supervision (DOCCS) had extended his sentence, without due process of law, because they were unable to find an approved residence for him. He brought this petition seeking to be immediately released to a shelter.

On January 16, 2020, Petitioner filed a letter advising the Court that he had been released from Fishkill Correctional Facility, that he was residing in the Schwartz Assessment Men's Shelter on Ward's Island, and that he still wished to pursue this case. (ECF No. 4.) On January 21, 2020, Petitioner filed a change of address form, noting the address for the Schwartz Assessment Shelter. (ECF No. 5.). On January 29, 2020, Plaintiff filed another change of address form, advising the Court that he now resides in the HELP USA Men's Shelter in New York, New York. (ECF No. 6.)

## DISCUSSION

In light of the information Petitioner provided to the Court, the petition is moot. Article III, Section 2, of the Constitution allows federal courts to hear only "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *See id* at 68 n.22 (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980))

"While the standing doctrine evaluates this personal stake as of the outset of the litigation, the mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit." *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993). "[A] case that is 'live' at the outset may become moot 'when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.'" *Id.* (quoting *Alexander v. Yale Univ.*, 631 F.2d 178, 183 (2d Cir. 1980)). For example, "[a] § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility." *Razzoli v. Strada*, No. 10-CV-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)).

Petitioner was incarcerated at Fishkill Correctional Facility when he filed this petition. He brought this petition seeking to be released to a shelter. Petitioner informed the Court, in writing, that he now resides in a shelter. Therefore, the petition is moot, and the Court denies the petition without prejudice.

# CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied as moot.[2]

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 18, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] If Petitioner wishes to pursue a claim for monetary damages for wrongful imprisonment beyond his release date, he may file a new civil action in this Court. Petitioner is advised that any new action he files must be accompanied by either the $400.00 in filing fees required to file a civil action in this Court or a completed and signed request to proceed IFP. If Petitioner needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

___

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

